1

2

3

4                          UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7

8

9    IN THE MATTER OF THE REFERRAL            No. C-10-4642 PJH
     OF GREGORY M. HAYNES TO THE
10   STANDING COMMITTEE OF THE               **ORDER**
     UNITED STATES DISTRICT COURT
11
     _____/
12

13        On August 20, 2012, respondent Gregory M. Haynes filed a revised declaration

14   pursuant to Federal Rule of Civil Procedure 56(d), setting forth discovery that he asserts he

15   requires in order to oppose the motion for summary judgment filed by petitioner Standing

16   Committee of the United States District Court ("the Committee").

17        Mr. Haynes seeks discovery in two categories.  First, with regard to the October 8,

18   2009 incident outside Judge James' courtroom, he seeks depositions of witnesses Daniel

19   Zaheer, Dirk Larson, an "unidentified" witness, Deputy U.S. Marshal Hanson, and FPS

20   Officer Almeraz; and documents, including "letters and drafts of statements" that the

21   Committee sent to "witnesses."

22        With regard to the deposition requests, the court made clear in the July 6, 2012

23   order regarding Mr. Haynes' prior Rule 56(d) declaration that given the circumstances that

24   led to the filing of this disciplinary proceeding in the first place, Mr. Haynes cannot be

25   permitted to depose the witnesses to the altercation outside Judge James' courtroom.

26   Instead, the court will convene an evidentiary hearing at which time Mr. Haynes may

27   question those witnesses.  However, the "unidentified" witness cannot be summoned to the

28   hearing unless he/she is identified by name.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1       With regard to the document requests, the court notes that the Committee is not an

2 adverse party in the traditional sense, and that the members of the Committee are not

3 percipient witnesses.  Rather, the Committee is acting in this matter as an arm of the court

4 in recommending disbarment and pursuing action to effectuate disbarment.  In the absence

5 of any authority allowing document discovery from the Committee under the circumstances

6 present here, the document requests will not be permitted.

7       Second, Mr. Haynes seeks discovery to support his "claim" of "retaliation," including

8 documents "such as letters and correspondence to and from the Committee and Judge

9 Walker," and to and from the Committee to "the witnesses and persons it sought a

10 declaration from;" evidence of "how the [C]ommittee and Judge Walker responded to the

11 objection to the subpoena;" and documents and "information" from the Committee

12 regarding granting time to Mr. Haynes "to file the opening brief in the Landry matter and the

13 reasons for not allowing the continuance."

14       Mr. Haynes is not a plaintiff who has asserted "claims" or causes of action – in

15 particular, a claim of "retaliation."  Rather, he is the respondent in a matter in which the

16 Committee has petitioned for an order disbarring him from practice in this court.

17 Accordingly, the court finds that the requested discovery that purports to relate to retaliation

18 against him following the incidents of alleged misconduct is not relevant to the allegations

19 that form the basis of the petition.

20       The court has the following dates available for a hearing:  September 28, 2012;

21 October 16, 2012; and November 16, 2012.  The witnesses identified by Mr. Haynes and

22 set forth above will be ordered to appear to testify as to the events surrounding the October

23 8, 2009 incident.  The Committee and Mr. Haynes will both be able to examine each

24 witness.  Mr. Haynes may also testify if he chooses, subject to cross-examination by the

25 Committee.

26       It will be the responsibility of the Committee to procure the attendance of the

27 witnesses identified by Mr. Haynes, as indicated above.  Of course, the court will issue

28 orders if needed and requested by the Committee.

1    The Committee and Mr. Haynes shall meet and confer regarding the three dates

2  offered by the court, and shall advise the court as to the agreed-upon date for the hearing.

3  Absent an agreement, the court will select the date that is best for the witnesses.  If Mr.

4  Haynes elects not to participate, the hearing will proceed in his absence.

5

6  **IT IS SO ORDERED.**

7  Dated: September 5, 2012

8  _____
   PHYLLIS J. HAMILTON
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3