**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>THE MATTER OF THE REFERRAL OF GREGORY M. HAYNES TO THE STANDING COMMITTEE OF THE UNITED STATES DISTRICT COURT<br>_____/<br><br>GREGORY M. HAYNES,<br>      Appellant(s),<br>  v.<br><br>STANDING COMMITTEE ON PROFESSIONAL CONDUCT FOR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,<br>      Respondent(s).<br>_____/ | CASE NO. 5:10-cv-04642 DLJ RMW EJD<br><br>**RULING ON APPLICABLE LOCAL RULE; ORDER FOR FURTHER BRIEFING AND HEARING SCHEDULE** |

    Review of the disbarment order of Gregory Haynes was assigned to this three-judge panel by order of Chief Judge Claudia Wilken dated April 19, 2013. The reference was made pursuant to former Civil Local Rule 11-7(c)(5) which provides that an order of disbarment "shall be reviewable by a panel of three Judges of this Court designated by the Chief Judge." After appointment, the panel raised the question with the parties of which version of the Civil Local Rules should apply to review of the disbarment order: (1) Civil Local Rule 11-7(c)(5) in effect on October 14, 2010 ("prior disciplinary rule") when the court's Standing Committee on Professional Conduct instituted

1

disciplinary proceedings against Attorney Haynes; or (2) Civil Local Rule 11-6(e)(5) in effect currently and since July 12, 2012 ("current disciplinary rule"). The panel also asked the parties to address whether the trial judge had the authority to provide Attorney Haynes with a choice as to which rule would apply. If the current disciplinary rule is applied, there is no review by a three-judge panel of this court and the matter goes directly to the Court of Appeals. If the prior disciplinary rule governs, review of the trial judge's disbarment order is required by a three-judge panel appointed by the Chief Judge.

Before Haynes' disciplinary hearing took place, the trial judge assigned to hear the matter gave Haynes the opportunity to choose which version of the rules would govern and that if he failed to make an election, she would follow the prior disciplinary rule. After some delay, Haynes declined to make an election because he felt by agreeing to any version he would be waiving rights. Currently, in response to the panel's question as to whether the prior or current disciplinary rule applies, Haynes takes the position that the prior rule applies because the disciplinary proceeding was filed under the prior rule and proceeded thereunder. He, however, also contends that the proceedings should be dismissed because the "[t]he new version of the rules suggest that the prior version was defective." App. Rsp. to Ques. p. 5:8-9. He suggests that the defect is that "the prior version gives too much control to the Standing Committee without sufficient judicial oversight." *Id.* at 9-11. Because of the issue regarding the version of the local rules that applies, Haynes submits the proceedings should be dismissed.

> In reviewing the matter, the three judge panel will be applying a law that does apply: either the current version, which did not apply to the prior version; or the prior version which is no longer valid. Rather than remedy a confused and inconsistent prosecution, the trial court should have dismissed the action. This court should now dismiss it with prejudice.

*Id.* at 5:13-17.

In determining whether to apply the current disciplinary rule, we look first to whether the district court in adopting the current rule expressly stated what rule would apply to disciplinary actions pending at the time. *See TwoRivers v. Lewis*, 174 F.3d 987, 993 (9th Cir. 1999); *see also* 28 U.S.C. § 2071(b) (Local rules "shall take effect upon the date specified by the prescribing court

2
CASE NO. 5:10-cv-04642 DLJ RMW EJD
RULING ON APPLICABLE LOCAL RULE; ORDER FOR FURTHER BRIEFING AND HEARING SCHEDULE

and shall have such effect on pending proceedings as the prescribing court may order.") In this case the only reference to the effective date of the Civil Local Rules is in Rule 1-3 which governs the effective date of the rules adopted on December 1, 2009. That rule clearly does not apply to the 2012 amendments.

Procedural rules generally apply to pending cases at the time of the adoption of the new rule. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 275 (1994) ("Changes in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity."). The Supreme Court has suggested that new procedural rules "presumptively apply to existing cases." *Id.* at 285 n.37. However, in some cases application of a new procedural rule would result in "a manifest injustice." *See Chenault v. United States Postal Serv.*, 37 F.3d 535, 539 (9th Cir. 1994)

The application of the 2012 amendments to Haynes' case probably would not constitute a manifest injustice. Nevertheless, a number of reasons suggest that the prior rule should continue to be applied. First, the proceedings were instituted under the prior rule. Second, the trial judge chose to apply the prior rule. Third, the prior rule give Haynes the benefit of a three-judge panel review at the district court level. Fourth, Haynes never argued for the application of the current rule although he was given the opportunity to elect its application. Fifth, the Standing Committee does not object to the application of the prior rule. And sixth, even though the prior rule does not expressly give a disbarred attorney the right to appeal to the Ninth Circuit any final order by the three-judge panel, it is clear he has such right. *In re North*, 383 F.3d 871, 874 (2004) ("We have, however, consistently asserted jurisdiction to review orders suspending or disbarring attorneys from practicing before the bars of federal district courts within our circuit."). For these reasons, we find that the prior rule should govern our review of the order of disbarment. We find no basis for dismissal of the case, as requested by Haynes, based upon his contention that the prior rule was defective.

In light of that determination, we must now address the issue of disbarment. Haynes' motions filed April 5, 2013, will be deemed his Opening Brief. The Standing Committee shall file its Responsive Brief on or before **September 10, 2013.** Haynes shall file his Reply Brief, if any, on or before **September 20, 2013.**

The parties will thereafter be notified of a hearing date and time should we find one

3
CASE NO. 5:10-cv-04642 DLJ RMW EJD
RULING ON APPLICABLE LOCAL RULE; ORDER FOR FURTHER BRIEFING AND HEARING SCHEDULE

necessary upon conclusion of the briefing in this matter.

**IT IS SO ORDERED.**

Dated: August 21, 2013

_____
EDWARD J. DAVILA
United States District Judge
FOR THE PANEL