UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE REFERRAL OF GREGORY M. HAYNES TO THE STANDING COMMITTEE OF THE UNITED STATES DISTRICT COURT. _____/ GREGORY M. HAYNES, Appellant, v. STANDING COMMITTEE ON PROFESSIONAL CONDUCT FOR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA Respondent. | Case No. 5:10-cv-04642 DLJ RMW EJD **ORDER ON PETITION FOR REVIEW OF ORDER OF DISBARMENT** [Docket No. 123] |

Appellant Gregory M. Haynes appeals his disbarment to this three-judge panel.[1] On March 22, 2013, Judge Phyllis J. Hamilton granted summary judgment to Respondent Standing Committee

---

[1] Judge Hamilton's decision was referred to this panel under the prior version of the Civil Local Rules in effect until October 2010. Recognizing that the procedural rules for review of the Order of Disbarment had changed while Mr. Haynes' case was pending, Judge Hamilton gave Mr. Haynes the opportunity to elect under which rules to proceed. Mr. Haynes did not make an election, and Judge Hamilton proceeded under the prior version, in place at the beginning of the proceedings against Mr. Haynes. Mr. Haynes has not alleged any prejudice or error as a result of following these

ORDER ON PETITION FOR REVIEW OF
ORDER OF DISBARMENT                - 1 -
Case No. 5:10-CV-04642 DLJ RMW EJD

on Professional Conduct for the United State District Court for the Northern District of California ("the Committee"), which sought to disbar Mr. Haynes on the basis of violations of Mr. Haynes' ethical and professional duties to his clients, the court, and the profession of law. Dkt. No. 117, Order.

We affirm.

## I. BACKGROUND

The factual and procedural history of this case is detailed in Judge Hamilton's decision. To briefly summarize, the Committee sought to have Mr. Haynes disbarred primarily based on his behavior in two cases, hereinafter referred to as *Cotterill* and *Landry*.[2]

In *Cotterill*, Mr. Haynes failed to tell his client that he did not file a timely opposition to the defendants' motion for summary judgment, or that the judge later granted summary judgment, terminating her case. Order at 5. The judge described Mr. Haynes' conduct throughout the case as being "reprehensible" and involving "discovery abuses" and inexcusably late filings. *Id.* at 4-5. Mr. Haynes also filed an appeal in *Cotterill* against his client's express wishes. *Id.* at 6. Later, he failed to return the client's file despite numerous requests. *Id.* at 7.

In *Landry*, Mr. Haynes failed to respond to discovery requests and orders, ultimately resulting in a terminating sanction. *Id.* at 13. He also failed to file an opening appellate brief challenging that sanction, resulting in dismissal of the appeal. *Id.* During the proceedings, Mr. Haynes was involved in a near-physical altercation with opposing counsel Daniel Zaheer outside of Judge Samuel Conti's courtroom, which necessitated the involvement of court security personnel. *Id.* at 10. Mr. Haynes later misrepresented the incident in a declaration to Judge Conti. *Id.* at 11. In both *Cotterill* and *Landry*, Mr. Haynes' communications with opposing counsel were laced with profanity. *Id.* at 3, 9-10.

---

rules, and finding none, we review the decision pursuant to former Civil Local Rule 11-7(c)(5). Our decision along with that of Judge Hamilton are reviewable by the Ninth Circuit. *See* Dkt. No. 137, Ruling on Applicable Local Rule.

[2] *Cotterill v. City and County of San Francisco*, No. 08-CV-2295-JSW; *Landry v. City and County of San Francisco*, No. 08-CV-3791-SC.

Procedurally, this case comes to us on review of Judge Hamilton's decision to grant summary judgment in favor of the Committee subsequent to an evidentiary hearing. After the Committee filed its first summary judgment brief, Judge Hamilton asked the Committee to file a revised brief eliminating as many factual issues as possible. *Id.* at 18. The court then invited Mr. Haynes to file an affidavit pursuant to Federal Rule of Civil Procedure 56(d) if he believed discovery was necessary to respond to the Committee's motion. *Id.* After reviewing Mr. Haynes' 56(d) declaration, the court allowed discovery on a narrow set of issues relevant to the petition. *Id.* at 21; *see also* Dkt. No. 69. Because the discovery related to the altercation in *Landry*, Judge Hamilton deemed it prudent to conduct an evidentiary hearing to avoid any further delay and enable her to supervise the parties' behavior. *Id.* at 22-23. Ultimately, at the conclusion of the hearing, there were very few facts in dispute and Judge Hamilton was able to decide the summary judgment motion "without making many credibility determinations." *Id.* at 62.

## II. DISCUSSION

A grant of summary judgment is reviewed *de novo* on appeal. *Balvage v. Ryderwood Improvement & Serv. Ass'n, Inc.*, 642 F.3d 765, 775 (9th Cir. 2011). Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Mr. Haynes makes three central arguments on appeal: (1) the Committee and the trial court were biased against him; (2) the proceedings against him were unfair and constituted a violation of due process; and (3) summary judgment was inappropriate because disputed facts exist or do not support the penalty of disbarment. Dkt. No. 141, Reply at 5. Each of these arguments is addressed below.

**A. Bias**

Mr. Haynes alleges that the Committee and the court were biased against him. Dkt. No. 123, Petition at 5. As to the Committee, Mr. Haynes' allegation of bias is essentially irrelevant because the Committee is not empowered with the ability to impose sanctions, nor did it impose sanctions on

him in this case. *See Standing Comm on Discipline of the United States Dist. Ct. for the Central Dist. of Cal. v. Yagman*, 55 F.3d 1430, 1436 (9th Cir. 1995).

As to the court, Mr. Haynes alleges bias against two judges. He first argues that Judge Vaughn R. Walker, who first referred Mr. Haynes to the Committee for investigation, should not have referred the matter because he did not have "cause to believe that an attorney has engaged in unprofessional conduct." Civ. L. R. 11-6(a) (2009). A review of the record, however, reveals otherwise. Indeed, Judge Walker received a letter from Joanne Hoeper, Chief Trial Attorney for the Office of the City Attorney of San Francisco, citing alleged misconduct which provided a sufficient basis to refer Mr. Haynes' conduct to the Committee for review. Order at 1-2.

Mr. Haynes' allegations against Judge Hamilton are similarly misplaced. While he complains that the "the rulings of the court and subject of the matter" show bias, we fail to see how a decision against Mr. Haynes which resulted from an evidentiary hearing shows impermissible bias. For these reasons, we dismiss Mr. Haynes' claims on this issue.

### B. Fairness and Due Process

Mr. Haynes alleges that the Committee and the court violated various local or federal rules of civil procedure that resulted in a violation of due process. In a disbarment proceeding, Mr. Haynes was entitled to due process, notice and an opportunity to be heard in compliance with the local rules. *In re Corrinet*, 645 F.3d 1141, 1145-46 (9th Cir. 2011). The procedures employed by the court—which included allowing Mr. Haynes to cross-examine witnesses, file numerous papers, and granting several extensions of time—were adequate to afford him a requisite degree of due process appropriate to the circumstances. *See, e.g.,* Dkt. Nos. 43, 62, 64, 66, 67, 75, and 112.

Although Mr. Haynes contends that various procedural rules were broken, none of his claims withstands scrutiny. He argues that any disciplinary proceeding must be based on reciprocal discipline or felony convictions under Rule 11-7. Petition at 20. However, the plain language of the rule belies this contention, since it only requires a "charge or information" that "an attorney engaged in unprofessional conduct." Civ. L. R. 11-7(c) (2009). As discussed above, Judge Walker's referral was proper under Rule 11-6(a).

1    Similarly, Judge Hamilton did not violate any rules of civil procedure relating to the
2    evidentiary hearing and summary judgment briefing, and gave Mr. Haynes numerous opportunities
3    to challenge the Committee's petition for disbarment.  Thus, we are satisfied that Mr. Haynes was
4    provided a fair proceeding.

### C. Appropriateness of Summary Judgment and Disbarment

Mr. Haynes further argues that disputed issues of material fact remained after the evidentiary hearing, making summary judgment inappropriate.  Mr. Haynes focuses on the court's characterization of the confrontation with Mr. Zaheer and the representations Mr. Haynes made to Judge Conti regarding the incident.  On those issues, Judge Hamilton found after examining the evidence that Mr. Haynes (1) used profane language, (2) lost his composure and (3) caused a disturbance.  Order at 64-65.  The record, which consists of uncontroverted witness statements that Mr. Haynes was yelling and aggressively approached Mr. Zaheer necessitating the involvement of court security, as well as Mr. Haynes' own admissions to the court that he used profane language, supports Judge Hamilton's findings.  *Id.* at 64.[3]  The record also reveals that Mr. Haynes' representations to Judge Conti were false and designed to mislead the court, in violation of Mr. Haynes' ethical duties. Cal. R. Prof. Cond. 5-200(B).

Mr. Haynes' final argument is that his conduct did not rise to the level necessary to support an order of disbarment.  Since the choice of a sanction is reviewed for abuse of discretion, we are guided by Judge Hamilton's reasons for imposing a sanction of disbarment. *United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir. 1996).  Judge Hamilton concluded the following:

> Mr. Haynes has utterly failed to rehabilitate himself, and has demonstrated, time and again, a pattern of refusing to accept responsibility for his actions.  Indeed, he has yet to even acknowledge that he has done

---

[3] On January 28, 2014, Mr. Haynes sent a letter to the court arguing that Codele Phillimore, who was present at the courthouse during the Zaheer incident, gave false testimony at the evidentiary hearing before Judge Hamilton which Judge Hamilton relied on in her Order. *See* Dkt. No. 144.  Mr. Haynes alleges that the Committee knew that this testimony was false, and, therefore, its presentation was a violation of his due process rights. Dkt. No. 144, citing *Dow v. Virga*, 729 F.3d 1041, 1047-48 (9th Cir. 2013).  We disagree.  First, unlike the situation in *Dow* where the evidence in question was unequivocally false, Ms. Phillimore's testimony, which consisted of her observations regarding the extent of the incident, was subject to interpretation. *See* Dkt. No. 138 at 16 n. 8, Committee Brief (explaining that Ms. Phillimore may have seen one of two confrontations).  Second, the Order of Disbarment is based upon admissions by Mr. Haynes and undisputed facts.  As such, there is no reasonable likelihood that any false testimony by Ms. Phillimore could have affected Judge Hamilton's ultimate decision.

> anything improper. Rather, he has been quick to blame opposing counsel, the judges of this court, the Standing Committee, and his own clients for his professional shortcomings.

Order at 65-66. We agree with these observations, all of which are supported by evidence in the record, and find disbarment to be an appropriate penalty to "protect the public, the court, and other attorneys who practice at this court from the deleterious effects of Mr. Haynes' lack of professional responsibility." *Id.* at 66. Accordingly, no abuse of discretion occurred here.

### III. ORDER

Having carefully reviewed this matter, the grant of summary judgment of disbarment is AFFIRMED. Since this panel's involvement is now complete, the clerk of the court shall close this file.

Dated: February 11, 2014

EDWARD J. DAVILA
United States District Judge
FOR THE PANEL

ORDER ON PETITION FOR REVIEW OF
ORDER OF DISBARMENT                         - 6 -
Case No. 5:10-CV-04642 DLJ RMW EJD